UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CAROLYN T WILLIS** | **CASE NO. 2:22-CV-01841 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S ARMY** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion to Dismiss [doc. 9] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by the United States Army, in response to the *pro se* suit brought by Carolyn Willis. Willis appears to bring tort claims against the Army based on the medical care and discharge of her husband, a former servicemember. Doc. 1. She asserts that the court has jurisdiction of the suit under 28 U.S.C. § 1332. *Id.* The Army moves to dismiss the matter on the basis that the court lacks diversity jurisdiction and that it, as an agency of the United States, is immune from suit under the doctrine of sovereign immunity. Doc. 9, att. 1.

As the Army points out, diversity jurisdiction is only available for citizens of different states. 28 U.S.C. § 1332. The United States and, by extension, its agencies are not citizens of any state. *Short v. Chrysler Grp.*, 2010 WL 4226389, at *2 (W.D. La. Sep. 29, 2010) (citing Wright & Miller, 13E Fed. Prac. & Proc. § 3602). Accordingly, the court cannot exercise diversity jurisdiction over the suit. Additionally, the United States and its agencies enjoy sovereign immunity unless Congress has specifically consented to the suit.

*Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). The Federal Tort Claims Act ("FTCA") provides the applicable waiver here, but it is well-settled that only the United States rather than an agency or employee is the appropriate defendant in an FTCA suit. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). Accordingly, the Army moves for dismissal on the grounds that it is not the proper defendant for plaintiff's claims.

The court, however, has a duty to construe *pro se* claims liberally. *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014). In keeping with this duty, the court may *sua sponte* add or substitute the United States as defendant to repair the defects in a *pro se* plaintiff's pleadings. *Jones v. Bowie*, 2021 WL 4898083, at *1 & n. 3 (W.D. La. Oct. 19, 2021) (collecting cases). The undersigned finds reason to exercise that authority here, without prejudice to any other defenses or jurisdictional attacks the government might have. Accordingly, **IT IS ORDERED** that the Motion to Dismiss [doc. 9] be **DENIED** and that the United States be substituted as the only proper defendant in this suit.

**THUS DONE AND SIGNED** in Chambers on the 24th day of January, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**